IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-334 |
| v. ) | |
| ) | The Hon. T.S. Ellis, III |
| JOSEPH HALL, III, ) | |
| ) | Sentencing Date: January 18, 2019 |
| Defendant. ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The defendant, Joseph Hall, III, comes before the Court for sentencing after pleading guilty to a one-count criminal information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

For the reasons stated herein, the United States respectfully submits that a sentence of 12 months and one day is an appropriate and reasonable sentence.

I.  Factual and Procedural Background

In the spring of 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Federal Bureau of Investigation ("FBI") with the assistance of local law enforcement, began investigating gang members and other individuals involved in drug trafficking and firearms offenses operating in and around northern Virginia.  Rashourn Niles was one of the primary targets of the investigation, as he was heavily involved in the distribution of crack cocaine, as well as other offenses.   On December 6, 2017, ATF executed a search warrant at one of Niles's drug stash houses and discovered, among other things, the High-Point .40 caliber pistol that underlies the offense of conviction (Firearm 1).

The ATF undertook an investigation into how Firearm 1 came to be stored in one of Niles's

drug stash houses, as having a firearm present during drug distribution activities dramatically increases the risk of violence. Investigation revealed that Firearm 1 was purchased by Travaun Davis in November 2017 from a federally licensed firearms dealer in Fredericksburg, Virginia. Davis has pled guilty to providing false information on the ATF Form 4473, Firearms Transaction Record in connection with that purchase. While Davis initially indicated that he thought that the defendant stole the firearm from him, Davis eventually admitted that he had sold Firearm 1 to the defendant for a small amount of cash.

The defendant immediately sold Firearm 1 to Michael Conway for a small amount of cash and a small amount of cocaine. This version of events was corroborated by online communications between the defendant and Davis, and the defendant and Conway. These two transactions (the sale of Firearm 1 to the defendant by Davis, and the sale of Firearm 1 to Conway by the defendant) occurred very close in time to one another. Conway, in turn, sold Firearm 1 to Shane Lucas, who obtained it on behalf of Niles and ultimately stored it at Niles's stash house.

II.  Analysis of Sentencing Factors

In addition to the properly calculated guideline range, this Court is also required to consider the sentencing factors identified in 18 U.S.C. § 3353(a). While the recommended sentence of 12 months and day falls below the range recommended by the U.S.S.G., the 3553(a) factors weigh in favor of imposing such a sentence.

A.  The Nature and Circumstances of the Offense

In this, case consideration of the nature and circumstances of the offense support the imposition of a sentence of 12 months and a day. The government has a legitimate interest in keeping careful track of firearms in order to prevent them from falling into the hands of those

who are most likely to misuse them in a way that makes the public less safe. The investigation into Firearm 1's travel in legitimate and illegitimate commerce illuminates how a series of low-value transactions, conducted over a very short time period, can result in a gun traveling from a licensed firearm distributor to a drug stash house. Keeping guns in the hands of only lawful owners requires significant vigilance on the part of the ATF and other enforcement agencies. All of that, however, must be balanced against the defendant's possession of Firearm 1 in this case, which can be properly characterized as momentary. To be sure, the defendant played a significant step in getting the firearm from Davis to Conway, and without his actions, Firearm 1 may never have ended up in Niles's stash house.

There is a range of conduct that can be prosecuted under 922(g)(1). The recommended sentence recognizes that the defendant's possession of Firearm 1 must be considered against other possible violative conduct. As previously mentioned, the defendant was in possession of Firearm 1 for a very limited period of time. Likewise, the defendant gained possession of Firearm 1 from someone who was not otherwise prohibited from possessing it, and the defendant transferred Firearm 1 to someone who was not otherwise prohibited from possessing it. These facts mitigate the severity of the offense and support the recommendation of a sentence of 12 months and one day.

B. <u>The Defendant's Prior Criminal History</u>

Despite the defendant's elevated criminal history category, his prior criminal history is comprised of low level theft offenses, drug possession misdemeanors, and driving offenses. The defendant has no convictions for drug distribution, nor crimes of violence. To date, the longest term of imprisonment imposed on the defendant is six months. This is the defendant's

first contact with the federal system. While it is clear that the defendant's life has been plagued by a series of criminal choices, his criminal history is far from that of a hardened, violent criminal. The sentence imposed should reflect that the defendant has made criminal choices, and failed to take advantage of the assistance offered by the state courts, this federal conviction, along with a sentence of longer double his next longest sentence of imprisonment, the defendant is not without rehabilitative potential. At just shy of 24 years of age, it's time for the defendant to make a choice. He will either serve life in jail, on the installment plan, or chose to turn his life around and live as a productive member of the community. Now that the defendant is a multiple-time convicted felon, with a serious federal felony conviction on his record, he will well understand that the sentences for any subsequent criminal conduct will only increase from here.

  C. <u>The Defendant's Sentence Must Deter Others</u>

A sentence of 12 months and a day is a significant term of imprisonment. While such a sentence will fall below the recommended sentencing guidelines range, other would-be offenders will know that they face at least a year in federal prison, even if they have relatively minor prior records and only momentarily possess a firearm. Additionally, those with more serious prior felony convictions, or those who had more prolonged unlawful possession of firearms, will know that they face sentences well longer than one year if they choose to break the law by unlawfully possessing firearms.

  D. <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

A sentence of 12 months and a day would not create an unwarranted sentencing disparities. This court will sentence Travaun Davis for making false statements on ATF forms on January 25, 2019 (1:18-cr-365), and the Honorable Liam O'Grady will sentence Shane Lucas for being a felon

in possession of a firearm on that same date (1:18-cr-366).

III.    Conclusion

In light of the nature of the defendant's criminal conduct, his prior criminal history, and the need for this sentence to deter other felons who would possess firearms, a term of imprisonment of 12 months and one day is appropriate.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:              /s/
  Michael P. Ben'Ary
Colleen Garcia
Assistant United States Attorneys
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  (703) 299-3700
Fax:    (703) 299-3980
E-mail: michael.benary@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following address:

John C. Kiyonaga, Esq.

In addition, I hereby certify that on January 14, 2019, I emailed a copy of the foregoing to the following address:

Kenneth G. Orsino
United States Probation Officer
Blue Ridge Office Center
10500 Battleview Parkway, Suite 100
Manassas, VA 20109 703-366-2109 Kenneth_Orsino@vaep.uscourts.gov

/s/
Michael P. Ben'Ary
Assistant United States Attorney